IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:25-cv-4026-SKC-NRN

PEDRO TREJO TREJO,

    Petitioner,

v.

JUAN BALTAZAR, *et al.*,

    Respondents.

---

## ORDER

---

Petitioner Pedro Trejo Trejo is a citizen of Mexico who is currently being detained at the Denver Contract Detention Facility. Dkt. 1, ¶¶3, 13. Petitioner entered the United States without inspection in 1999 and has resided here continuously since then. *Id*. at ¶13.

On November 23, 2025, law enforcement in Florida stopped a vehicle, in which Mr. Trejo Trejo was a passenger, for a moving violation. *Id*. at ¶14. When the officer determined Mr. Trejo Trejo was undocumented, he was arrested and transferred to the Baker County Detention Center in Baker County, Florida. *Id*. at ¶¶14, 15. Petitioner was then transferred to, and has remained at, the Denver facility. *Id*. at ¶16. He is being held without bond purportedly pursuant to 8 U.S.C. § 1225(b)(2).

1

Mr. Trejo Trejo filed a Petition for Writ of Habeas Corpus on December 16, 2025, seeking an order from this Court directing Respondents to affect his immediate release, or in the alternative, to provide him with a bond hearing within seven days of this Order. Dkt. 1. He contends he is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a). *Id*. This Court ordered Respondents[1] to respond to the Petition within seven days of service and show cause why it should not be granted. Dkt. 4. Respondents filed their Answer to the Petition on January 6, 2026. Dkt. 9.

The Court has jurisdiction over this matter pursuant to Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id*. Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

The Court has considered the Petition, the Answer, the various attachments,

---

[1] "Respondents" refers to Juan Baltazar, the Warden of the Denver Contract Detention Facility; Robert Gaudian, the Director of the Denver ICE Field Office; Kristi Noem, the Secretary of the United States Department of Homeland Security; Todd Lyons, the Acting Director of ICE; Pamela Bondi, the United States Attorney General; Sirce Owen, the Acting Director for the Executive Office of Immigration Review; and the Executive Office for Immigration Review.

and the governing law. Because Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared in the following discussion, the Court GRANTS the Petition.

## ANALYSIS

In its Order to Show Cause, the Court asked Respondents to address whether the facts and legal issues in this case differed in any material respect from those in *Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). In *Hernandez*, this Court conducted a review of the governing statutes relied on by the parties here and concluded that when 8 U.S.C. §§ 1225 and 1226 are read together, they "cover [noncitizens] presenting at arrival (under § 1225) and then *everybody else* (under § 1226)." *Hernandez*, 2025 WL 3718159, at *6 (citing *J.G.O. v. Francis*, No. 25-CV-7233 (AS), 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025)) (emphasis in original). Because Mr. Hernandez had been present in the United States for more than a decade, the Court found that Respondents were unlawfully detaining him under § 1225, and that he was only properly detained under § 1226. *Id*.

In their Answer, Respondents cite as differences between this case and *Hernandez* that Mr. Trejo Trejo is not seeking asylum whereas Mr. Hernandez had filed an asylum application. Dkt. 9, p.2. And unlike Mr. Hernandez, who only sought a bond hearing, Mr. Trejo Trejo seeks immediate release *or* a bond hearing. *Id*. The Court, however, does not find these differences to be material on the legal question now before the Court such that they would require it to diverge from its analysis in

3

*Hernandez.*

Respondents also encourage this Court to adopt the reasoning of those district courts that concluded that 8 U.S.C. § 1225(b)(2) does, in fact, apply to noncitizens already present in the United States. Dkt. 9, pp.3-4. The Court has reviewed those thoughtfully written opinions, but after thorough consideration, it respectfully disagrees with those district courts and Respondents' analysis. Consequently, the Court adopts and incorporates its statutory analysis and conclusions from *Hernandez*, *supra*, as though stated fully herein. Because Mr. Trejo Trejo has been in the United States for over 25 years, he cannot lawfully be held pursuant to § 1225(b)(2); rather, he is only properly detained under § 1226—his current detention under § 1225, therefore, is unlawful.[2] *See Hernandez*, 2025 WL 3718159, at \*\*2-7.

In his Petition, Mr. Trejo Trejo requests an order of release or, alternatively, an order compelling a bond hearing. The Court agrees with Respondents that § 1226(a) does not require release but instead provides the Department of Homeland Security with the discretion to grant a noncitizen release on bond. 8 U.S.C. § 1226(a). Thus, the Court orders that Petitioner be given a bond hearing before an immigration judge, who—in the first instance—"is better suited to consider whether Petitioner poses a flight risk and a danger to the community. . . ." *See also Loa Caballero v.*

---

[2] The Court grants Mr. Trejo Trejo's Petition on statutory grounds, and therefore, it does not address the other requested bases for relief. If, following entry of this Order, Respondents fail to provide Petitioner with a bond hearing as required, Petitioner may renew his due process claims.

4

*Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025).

**\* \* \***

For the reasons shared above, Pedro Trejo Trejo's Petition for Writ of Habeas Corpus is GRANTED.[3]

IT IS ORDERED Respondents shall provide Mr. Trejo Trejo with a bond hearing under 8 U.S.C. § 1226(a) within SEVEN DAYS of the date of this Court's order.[4]

IT IS FURTHER ORDERED Respondents shall file a status report within TEN DAYS of the date of this Court's order to certify compliance. The status report shall specify if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial.

DATED:   January 8, 2026.

BY THE COURT

S. Kato Crews
United States District Judge

---

[3] To the extent Petitioner's Counsel seeks an award of attorney's fees, he must file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.

[4] In so ordering, the Court makes no comment regarding whether Petitioner is ultimately entitled to release on bond.